Thank you. My name is Tim Bechthold. I represent the appellants, the Alliance for the Wild Rockies in this case. This case presents two questions for the court. The first is whether or not this case is moot, and the second is whether or not the district judge made a factual error in his findings. I'll just address first whether or not the case is moot. A case is moot when a court can't provide any judicial relief to the situation. And plaintiffs here, and appellants argue, rather, that the court can provide a judicial remedy here. Voluntary succession, which is the situation here, will not moot a case unless it's absolutely clear that the wrongful behavior cannot repeat itself. The Beaverhead Deer Lodge project encompassed a series of salvage sales. After the project had been completed, the Forest Service then did another project called – after the project – environmental assessment, rather, had been completed. The Forest Service then did another project called the Hazard Tree Removal Project, which coincidentally removed one of the cutting units that had been analyzed in the Beaverhead Deer Lodge project. Since the Forest Service has shown that it will – has cut trees within the project after the project environmental assessment is completed, I think that the – it shows that the voluntary succession doctrine applies here, because – I just don't see how that applies in the same way in an APA case as it does when you, you know, sue some party for injunction. Because there's – I don't know what the district court would review when it's been withdrawn, frankly. I mean, you have a final agency decision, and now it's not final. They can't – they can't enforce it. They have to go back through and then go through the various hoops, and then it's subject to all the regalia of the APA again. So I'm not sure how this voluntary cessation really applies when you've got a final agency decision at issue. Awkwardly, in this case, because the – I think it's true that the Forest Service has said that they won't do anything more. They didn't say we won't do anything more. They said this is withdrawn. There is no final decision. There is no final decision. However, they took action that applied to that final decision before they withdrew it. And so because they did the hazard-free removal project, which removed one of the cutting units from the project, I think that they have – there's a situation here that the court can review and repair. Well, wait. Go ahead. You're not seeking damages for what they did, are you? Basically. What I'm asking is to somehow – whether or not they cut trees isn't the only aspect of the project. Other aspects of the project include the old-growth indicator species such as the lynx and the pine marten. Well, I understand that, but you really aren't seeking damages for what they did. You're wanting them to halt the process for the future. I think that one remedy that the court could offer was ask them to set aside the habitat that was removed for those old-growth-dependent species. Is that in your pleadings, or? I didn't offer that specifically in my pleadings, no. No. But it's one remedy that the court could. I just don't see – you know, if you're sitting in the shoes of the district court, you say, well, what am I supposed to do here? What am I supposed to issue a decision on? And I don't – from reading the record, I don't see what it was the district court could have done to issue a decision on something, because he wasn't really offered up kind of a buffet of possibilities, saying it's – final order is withdrawn, but this other thing somehow still remains live. You know, when I attempted to bring that up with the district court, he asked that I not. And so I was never able to make that record in front of the district court. These are made in your briefs in the district court? The only brief I was – the only brief I submitted was my opening brief on summary judgment. And in that, I told – informed the court that the Hazard Tree Reduction Project had occurred. But I wasn't briefing mootness in that regard. In my response to the motion, the government's motion to dismiss, I also told – informed the court that the Hazard Tree Removal Project had occurred. Could you say that last part again? I just couldn't hear. You informed the court that? The Hazard Tree Removal Project had occurred. Again, I did not tell the court specifically that one of the remedies that it could provide was to have the Forest Service restore or designate other habitat to take account for that loss of overgrowth habitat. So I did not specifically offer the district court that remedy in that briefing either. This is all kind of tied up also with your contention that the court has made a factual finding. But all the district court said was at this point, There's not enough in the record to find the Forest Service in default. The ROD has been withdrawn. They're going to do further study. Maybe they'll decide that, in their view, this project can't go forward. It's appropriate, I think, to segue now to the second argument, is with that factual finding by the district court. And the situation here is that when the alliance, my clients, read the district court's order and listened to his order in court, it seemed to them that what the district court was doing was making a factual finding that the Forest Service had not broken any law. Could you point to that in the district court order, please? The district court says, Here the court has made no determination that the Forest Service violated environmental laws prior to issuance of the ROD. Nothing in the limited record before the court warrants the finding of illegal conduct by the Forest Service, and no such finding has been made. That's the excerpt set at page 13 in the transcript. So, I mean, it seems to me that he's basically saying I'm not making a finding. That's precisely what the Forest Service argues as well. My clients viewed it differently. And my clients are interested that whenever the Forest Service admits that they have a project that's illegal, that they wanted the district court to not make a finding that it wasn't illegal. And that's precisely why we're on appeal here today, is because my clients feel that the district court has somehow slighted and skewed the position. Okay. Well, what if we – if the case is moot and if your only real concern is that somehow this three words or four, as part of the district court order, somehow shades future administrative proceedings, that's something that we, for example, could say that there's, you know, there's a clean slate. I mean, there's no findings been made, no inferences, no nothing. Would that solve your problem? I think it would do largely. Well, we'll see if the government has any objection. I mean, it seems to me if the case is moot, you're just worried it's going to go back and then somehow it's going to come back and bite you, that somehow they, quote, hadn't done anything illegal. Is that the gist of the problem? Obviously. I mean, I know you have all your other problems with the Forest Service. Right. Many of the issues surrounding public law management have to do with public relations. And, you know, my clients are very concerned about the public relations that they, the positions they take, and with the citizens of the United States. And they want their positions to be made clear. And when they feel that their positions have been essentially undermined by the court in a factual ruling, their public relations efforts are undermined in that regard. So for that reason, in the larger picture in their efforts to advocate for public relations, I don't think they're ever undermined by the district court in this case. I think we have your position in mind. Thank you. Thank you. May it please the Court, Michael Gray on behalf of the Forest Service. Of course, our position is that the district court did not make any factual finding. And we have no objection to this court clarifying that, in fact, the district court did not make a factual finding in this case about the legality of the record of decision or the administrative record. Just very briefly, I think the Forest Supervisor made it absolutely clear in his declaration that I submitted to the district court that if any new project in this same area were to proceed, that it would be the subject of a new decision document supported by a new environmental analysis, which would address the issues that the plaintiffs are concerned about. And that would be subject to a new round of public comment and administrative challenges, and ultimately another challenge in court. That unequivocal declaration, we believe, shows that this case is moot. If there are no further questions, I will let someone brief. I appears not. Thank you. Thank you for your argument. The case of Alliance for the Wild Rockies v. Riley is submitted.
judges: B. Fletcher, McKeown, King